IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Greggory G. and Tommie S. Tank, | ) | |
| | ) | |
| Plaintiffs, | ) | **PROTECTIVE ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Burlington Resources Oil and Gas | ) | Case No. 4:10-cv-088 |
| Company LP and Murex Petroleum | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

It is hereby **ORDERED** as follows:

1. The terms of this Agreement and Order shall govern the discovery and use of materials designated as Confidential Information, including the procedures for challenging designations of confidentiality and the terms, conditions and restrictions on the production and use of the confidential material.

2. Any party may designate documents or information it produces in discovery as Confidential Information. A party designating information as Confidential Information may make such designation as to information that it believes it possesses a sufficient privacy or business interest so as to preclude general dissemination. The phrase Confidential Information shall include, but not be limited to, financial, economic and commercial information, and other information such as the identities and addresses of non-party royalty owners.

3. All documents containing Confidential Information shall be plainly marked "Confidential."  Documents marked Confidential shall not be disclosed to any person other than Qualified Persons as defined below, and then only for the purposes of this litigation.

4. The term "Qualified Persons" means:

   a. Any party to this litigation, or employees or officers of such party;

   b. Undersigned counsel for the parties and employees of such counsel whose access to Confidential Information is necessary for purposes of preparation, pretrial discovery and proceedings, trial, appeal, settlement, or administration of this litigation;

   c. In-house counsel for the parties, their legal staff and outside legal advisors, whose access to Confidential Information is necessary for the purposes of preparation, pretrial discovery and proceedings, trial, appeal, settlement, or administration of this litigation;

   d. Third parties retained by a party to this litigation or by its counsel as bona fide consulting experts or expert witnesses, or the employees of any of them, for the purpose of preparation, pretrial discovery and proceedings, trial, appeal, settlement, or administration of this litigation;

   e. The Court, including personnel of the Court, court reporters, and any special master appointed by the Court any judge with jurisdiction over this proceeding or any appeal hereof, and any authorized personnel of such appellate court; and

   f. Any other person who is designated as a Qualified Person by written agreement of the parties, or by order of this Court after notice to all parties to the litigation and opportunity to be heard.

5. A party who wishes to introduce or file Confidential Information with the

Court in a brief, motion, affidavit or other document shall do so under seal. A party may also ask the Court to impose similar protections if it seeks to introduce Confidential Information at any hearing or at trial.

6. The inadvertent disclosure of Confidential Information that has not been so designated shall not be deemed a waiver of a party's claim of confidentiality, and designation of Confidential Information hereunder may be made at any time after disclosure, to be effective upon and after such designation.

7. If the parties disagree with the designation of any information as Confidential Information, the disagreeing party shall submit an objection in writing to the party producing the information within thirty (30) days after the receipt of the information, or thirty (30) days after execution of this agreement with respect to documents produced prior to its execution. The objection shall identify by Bates number the document or documents subject to the challenge and the basis on which the challenge to confidentiality is made for each document. Before proceeding to a hearing on a challenge to a designation of confidentiality, the attorneys or other representatives of the parties shall meet and confer in an effort to resolve the disagreement over confidentiality by mutual .agreement. The information in question shall continue to be treated as Confidential Information until this Court rules on the objection to the designation. In any pleading challenging a designation of confidentiality, the party challenging the designation shall state bona fide, good faith reasons why the specific document(s) at issue is not confidential. If the Court determines that a bona fide basis does exist to challenge confidentiality, the burden shall be upon the party furnishing the information to establish the confidentiality of the specified document.

8. If a non-party demands, by subpoena or other legal process, the disclosure of Confidential Information that any party has received, counsel for any such party shall (i) immediately notify in writing counsel for the designating or producing party and (ii) assert this Confidentiality Order as a defense to such demand.

9. Upon written request by the producing party after 90 days from the conclusion of this litigation, including any appeals, all documents (other than trial exhibits) designated as Confidential Information and all photocopies or other copies thereof, shall be returned to the party or parties who produced such information or destroyed, unless this Court orders otherwise. The provisions of this Order shall continue to be effective after the conclusion of this litigation, including all appeals.

10. Nothing contained in this Order, and no action taken pursuant to this Order, shall prejudice the right of any party to urge or contest the alleged relevancy, admissibility, or discoverability of documents subject to this Order.

11. The Court will prescribe any procedures it deems reasonable and necessary with respect to Confidential Information and this Order for the trial of this case.

Dated this 6th Day of November, 2012.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr.
United States Magistrate Judge