**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Greggory G. and Tommie S. Tank, | ) | |
| | ) | |
| Plaintiffs, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Burlington Resources Oil and Gas | ) | |
| Company LP, and Murex Petroleum, | ) | Case No. 4:10-cv-088 |
| | ) | |
| Defendants. | ) | |

The above-entitled action was initiated by plaintiffs in state district court. It was subsequently removed to this court by Defendant Murex Petroleum ("Murex") in December 2010. It arises out of defendants' alleged breach of the parties' oil and gas lease [hereinafter referred to as the "Murex Lease"]. Plaintiffs claimed that defendants breached the Murex Lease by failing to pay royalties on oil and gas production attributable to their mineral estate. Murex counterclaimed that plaintiffs breached the Murex Lease by refusing to consent to a subordination of an outstanding mortgage on their mineral estate.

On January 3, 2013, Murex filed a Motion for Voluntary Dismissal of Counterclaim pursuant to Fed. R. Civ. P. 41(a)(2). Acknowledging that its counterclaim lacks evidentiary support, it requests leave to voluntarily dismiss its counterclaim with prejudice. It explains that, in the course of discovery, it found documents already in its possession which subordinated mortgages given by plaintiffs and held by Farm Credit Services to the Murex Lease. Anticipating that plaintiffs may seek to recover costs and attorney's fees under Rule 42(a)(2) and/or Rule 11, it avers: (1) it was not aware of the existence of the subordination documents when initially asserting its counterclaim; (2) upon discovering the subordination documents, it endeavored to have its counterclaim dismissed;

(3) it has requested dismissal of its counterclaim with prejudice, which forecloses it from relitigating this issue and thus ensures plaintiffs face no danger of incurring duplicative legal expenses.

Local Rule 7.1 provides in that upon service of a dispositive motion and supporting brief, the adverse party has twenty-one days to file a response. See D.N.D. Civ. L.R. 7.1(A)(1). It further provides that an adverse party's failure to serve and file a response to the motion may be deemed an admission that the motion is well taken. D.N.D. Civ. L.R. 7.1(F).

More than twenty-one days have lapsed since Murex served and filed its motion and supporting brief. Plaintiffs have yet to file a response. Its silence may be deemed an admission that the motion is well taken. Murex's motion (Docket No. 86) is therefore **GRANTED**. Murex's counterclaim against plaintiffs is dismissed with prejudice and without costs or fees to any of the parties.

**IT IS SO ORDERED.**

Dated this 28th day of January, 2013.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court