IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| Greggory G. and Tommie S. Tank, | ) |
| | ) |
| Plaintiffs, | ) **ORDER AWARDING PARTIAL** |
| | ) **ATTORNEY'S FEES AND COSTS** |
| vs. | ) **AND FOR FINAL JUDGMENT** |
| | ) |
| Burlington Resources Oil and Gas | ) |
| Company, LP, and Murex Petroleum | ) |
| Corporation, | ) |
| | ) Case No. 4:10-cv-088 |
| Defendants. | ) |

## I. BACKGROUND

In this action, plaintiffs sued defendants Burlington Resources Oil and Gas Company, LP, ("Burlington") and Murex Petroleum Corporation ("Murex") for the failure to timely pay royalty on production from the "Lassen Well." Plaintiffs' entitlement to the payment of royalty arose out of a lease they had granted to Murex ("Murex Lease"), which lease interest had been pooled with other interests for the purposes of the drilling and operation of the Lassen Well by Burlington, the well operator. Plaintiffs requested that the Murex Lease be cancelled, which is one of the remedies authorized by N.D.C.C. § 47-16-39.1 for failure to timely pay royalty. In the alternative, plaintiffs sought an award of "penalty interest" at the rate 18%, together with an award of attorney's fees and costs, which are also remedies made available by § 47-16-39.1.

In addition to the claims asserted by plaintiffs with respect to the Lassen Well, plaintiff Greggory Tank asserted a separate claim against Burlington for late payment of statutory royalty due on production attributable to his unleased mineral interest that was force-pooled for the drilling of the "Kings Canyon Well" by Burlington on other property. Murex was not a defendant with respect to

1

that claim. Further, since Greggory Tank's interest was unleased, the claims related to the Kings Canyon Well were limited to a demand for payment of "penalty interest" and recovery of attorney's fees and costs as authorized by N.D.C.C. § 47-16-39.1.

Finally, Murex asserted a counterclaim against plaintiffs in response to their demands for lease cancellation. Murex later moved to dismiss that claim after discovery made it clear there was no basis for it.

Soon after this action was commenced, plaintiffs filed a motion seeking interim relief. The court denied plaintiffs' requests and, in so doing, expressed doubt about plaintiffs' ability to prevail on their claim for cancellation of the Murex Lease. However, at the same time, the court also expressed doubt over defendants' arguments for "safe harbor" from having to pay "penalty interest" with respect to the Lassen Well and the fact there appeared to be no defense against liability for penalty interest with respect to the Kings Canyon Wells. Tank v. Burlington Resources Oil and Gas, Co., L.P., No. 4:10–cv–088, 2011 U.S. Dist. Lexis 70238, 2011 WL 2600458 (D.N.D. June 28, 2011) ("Tank I"). As discussed in more detail in a series of subsequent orders issued by the court, Burlington put plaintiffs on "pay status" with respect to both the Lassen and Kings Canyon Wells in July 2011, soon after the court issued its order denying interim relief. Burlington concedes this was done because of the court's preliminary opinions expressing doubt over the defenses asserted by defendants. The litigation then continued primarily, but not exclusively, to resolve plaintiffs' demand for cancellation of the Murex Lease.

On July 16, 2013, the court issued its order with respect to the cross-motions for summary judgment filed by the parties. The court concluded that it would not cancel the Murex Lease, but that "penalty interest" would have to be paid on account of the late payment of royalty with respect to both the Lassen and Kings Canyon Wells, if it had not already been paid. Also, the court determined that

the "penalty interest" would not begin to accrue until the 151st day following the initial marketing of oil or gas from the wells and not from the date of the first marketing of the production as argued by plaintiffs. Tank, 2013 U.S. Dist. Lexis 99204, 2013 WL 3766526 (D.N.D. July 16, 2013) ("Tank II").

The fact that plaintiffs prevailed on some issues and defendants on others with respect to the Lassen Well gave rise to competing requests by the parties for an award of attorney's fees and costs under N.D.C.C. § 47-16-39.1, which requires that the court make an award of fees and costs to the "prevailing party." Also, plaintiffs separately argued for an award of fees and costs from Murex, contending that, among other things, Murex had asserted its counterclaim in bad faith. Finally, Greggory Tank sought recovery of fees and costs against Burlington with respect to the Kings Canyon Well claims.

On November 22, 2013, the court issued its order resolving the competing requests for attorney's fees and costs. The court determined that plaintiffs were the "prevailing party" with respect to the Lassen Well claims because they had obtained relief on account of the late payment of royalty in the form of "penalty interest," even though they had not prevailed on the issues of lease cancellation or when the "penalty interest" would begin to accrue. The court stated, however, that it would tailor its award of fees and costs to reflect plaintiffs' limited success with respect to the Lassen Well claims. The court also stated it would award Greggory Tank fees and costs for having prevailed on the Kings Canyon Well claim. Finally, the court denied plaintiffs' request for fees and costs associated with the withdrawal and dismissal of Murex's counterclaim, except for any costs authorized by Fed. R. Civ. P. 54(d). The court ordered plaintiffs to submit their request for fees and costs in accordance Local Civil Rule 54.1 and allowed defendants an opportunity to respond. Tank, 2013 U.S. Dist. Lexis 166382, 2013 WL 6150783 (D.N.D. Nov. 22, 2013) ("Tank III").

3

## II. DISCUSSION

### A. Preliminary analysis

Plaintiffs have now submitted itemized statements of their fees and costs for the entire action. The amount requested in fees is $141,444.00, which is based on an expenditure of 943.5 hours of attorney and paralegal time at various rates. The total amount requested in costs is $5,257.66. Even though the court indicated that only a partial award would be made and that it would likely be based on some percentage estimates, plaintiffs have not suggested what percentage of their fees and costs they believe would be appropriate if the court was not to award all of their fees and costs.

Defendants in their response correctly point out that plaintiffs' itemization of their fees and costs does not provide sufficient detail for the court to make an award of fees and costs based on actual time spent on particular issues. However, the court concludes that further itemization would be of minimal value as only gross percentage estimates are possible given the complexity of the case, the differing claims for the two wells, and the other reasons explained in Tank III.

Defendants suggest that, if the court is inclined to make an award based on percentage estimates, plaintiffs be awarded all of their requested fees and costs through July 2011 (which is when Burlington put plaintiffs on "pay status"), except for the fees associated with their failed motion for interim relief. For the period after July 2011, defendants suggest that plaintiffs award of fees and costs be limited to 25% of what they claim, since most of the litigation effort after that was directed to plaintiffs' failed attempt to obtain cancellation of the Murex Lease. According to defendants, this approach would result in an award of $40,960.20 in fees and $1,426.92 dollars in costs, for a total award of $42,387.12.

Notably, defendants do not question the attorney rates, the hours expended for particular tasks, or whether any particular item of work was warranted or not. In other words, they have not sought

to contest the reasonableness of plaintiffs' claim of total fees in the amount of $141,444.00. Also, in their proposal, defendants have not attempted to separate out what fees and costs might be associated with the Kings Canyon Well portion of the litigation in which Murex was not involved.

There is much to be said for defendants' proposal and, if this was "baseball arbitration," the court would adopt it since it is much closer to what the court has in mind than plaintiffs' request for 100% of their fees and costs. The court's principal points of disagreement with defendants' proposals are twofold. First, even though plaintiffs' motion for interim relief was denied, it did result in the court issuing an order that led Burlington to putting plaintiffs on "pay status" for both wells. Consequently, the court concludes plaintiffs should be awarded something for that effort. Also, even though defendants are content with treating the Lassen Well and Kings Canyon Wells together, plaintiffs may not. Moreover, the issues for the two wells were different. For example, if there is an appeal on the issue of who is the "prevailing party," the Eighth Circuit could conclude that this court erred in determining that plaintiffs were the prevailing party with respect to the Lassen Well claims but reach a different conclusion with respect to the Kings Canyon Well claims, since lease cancellation was not an issue with respect to that well.

The court does agree, however, with defendants' approach of distinguishing the fees incurred through July 2011 from those incurred thereafter given that Burlington put plaintiffs on pay status with respect to both wells in July 2011, and the court's view, as expressed in Tank III, that this case could have been more quickly resolved and with much less expenditure of legal effort if plaintiffs had not pursued their request for cancellation of the Murex Lease. Consequently, the court will follow that approach, but will make separate awards for the Lassen and Kings Canyon Wells portions of the litigation.

5

For purposes of the determinations that follow, it appears that, of the $141,444.00 in fees claimed by plaintiffs, $29,479.00 are for the period through July 2011 and that the remaining $111,965.00 are for the time period thereafter. Likewise, with respect to the costs claimed of $5,257.66, it appears only $150 dollars were incurred through July 2011 and that the remaining $5,107.66 was incurred after that date.

### B. Lassen Well

Given that no royalty had yet been paid when plaintiffs commenced their action, the substantial overlap of subsidiary issues relevant to both lease cancellation and payment of "penalty interest" at least through July 2011, and the court's conclusion that the briefing on the issues raised in plaintiffs' motion for preliminary relief resulted in a court order that led to Burlington putting the Tanks on "pay status," but at the same time recognizing that plaintiffs did not prevail on their claim for lease cancellation and the separate issues involving the Kings Canyon Well, the court concludes that an award to plaintiffs of 60% of their fees is appropriate for the Lassen Well portion of the litigation for the time period through July 2011. With respect to the time period after July 2011, the court concludes that an award of 25% of the fees is appropriate for the reasons expressed earlier. The net result is a total award of fees to plaintiffs for the Lassen Well portion of the litigation of $45,678.65. As for the costs, the court agrees with defendants' proposal that plaintiffs be awarded all of their costs through July 2011, which is $150, and 25% of the remaining $5,107.66, for a total cost award of $1,426.92. The total of the fees and costs to be awarded with respect to the Lassen Well portion of the litigation is $47,106.00 rounded to the nearest dollar.

### C. Kings Canyon Well

With respect to the Kings Canyon Well, the court concludes that an award of 10% of plaintiffs' fees incurred through July 2011, which amounts to $2,948.90, is appropriate. Notably, while Kings

6

Canyon was a separate claim involving differing facts (and for all the court knows may have involved more money in term of unpaid royalty), the issues were not as complex as the Lassen Well portion of the litigation - particularly with respect to defendants' claims of safe harbor from liability under N.D.C.C. § 47-16-39.1. Thereafter, the Kings Canyon Well portion of the litigation was a very small part of the total litigation effort and final resolution of that claim was held up by the resolution of the remaining issues plaintiffs did not prevail upon, including, relevant to the Kings Canyon Well claim, when "penalty interest" would begin to accrue. Consequently, the court will not make a separate award for the Kings Canyon Well for the period after July 2011 on a percentage basis. Rather, the court will award an additional $750 to cover what the court conservatively (and in the absence of more definitive proof from plaintiff) estimates to have been the reasonable time required to finally resolve the claim with respect to the payment of "penalty interest." This results in a total fee award for the Kings Canyon Well portion of the litigation of $3,698.00, rounded to the nearest dollar. In addition, the court will not award any costs since this claim was added after the initial costs of $150 were incurred and all of the remaining costs appear to have been incurred primarily, if not exclusively, for the Lassen Well portion of the litigation.[1]

## III. CONCLUSIONS AND ORDER

Based on the foregoing, and given that all other issues in the case have been resolved either by agreement of the parties or the court's earlier orders, the court hereby **ORDERS, ADJUDGES, AND DECREES** as follows:

1. Plaintiffs Greggory G. and Tommie S. Tank are entitled to judgment against defendants Burlington and Murex, jointly and severally, in the amount of $47,106.00

---

[1] Undoubtedly, the fees and costs for the Kings Canyon Well claim would have been more substantial if it had been sued separately. However, some of what was decided with respect to the Lassen Well carried over to the Kings Canyon Well.

for statutory attorney's fees and costs under N.D.C.C. § 47-16-39.1 with respect to the Lassen Well claims.

2. Plaintiff Greggory G. Tank is entitled to judgment against Burlington in the amount of $3,698.00 for statutory attorney's fees and costs under N.D.C.C. § 47-16-39.1with respect to the Kings Canyon Well claims.

3. All other claims are now finally **DISMISSED WITH PREJUDICE**.

**JUDGMENT SHALL BE ENTERED ACCORDINGLY.**

Dated this 17th day of January, 2014.

                                           */s/ Charles S. Miller, Jr.*
                                           Charles S. Miller, Jr.
                                           United States Magistrate Judge